```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division
```

```
_____
                              )
ROBERT HARO,                  )
                              )
          Plaintiff,          )
                              )
v.                            )    Civil Action No. 05-0785
                              )
ALBERTO GONZALEZ,             )
ATTORNEY GENERAL,             )
                              )
          Defendant.          )
_____)
```

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(b), (c). Plaintiff filed suit against Defendant alleging employment discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2000). Specifically, Plaintiff's Amended Complaint alleges that Defendant subjected Plaintiff to employment discrimination by failing to transfer Plaintiff to a Drug Enforcement Agency (DEA) field office in the State of California. The Court has jurisdiction over Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1331.

Plaintiff Robert Haro is a fifty-seven year-old employee of the DEA. Defendant Alberto Gonzalez is the Attorney General of the United States of America and is responsible for the actions of the United States Department of Justice, including the DEA.

Defendant is named in his official capacity. Plaintiff has been employed since 1992 as an Intelligence Research Specialist for the DEA. From 1992 to October 2000 Plaintiff was stationed in the DEA's Los Angeles, California field office (Los Angeles office). Plaintiff was then transferred to the DEA's Madrid, Spain country office (Madrid office), where he remained until March 2005 when he was transferred to DEA Headquarters in Arlington, Virginia.

When Plaintiff neared the end of his time in Madrid, he notified the DEA that when he was transferred back to the United States he would like to be transferred to either the Los Angeles office or the DEA's San Diego, California field office (San Diego office). The DEA tried to meet Plaintiff's transfer request by arranging his transfer to the Los Angeles office. However, management personnel in the Los Angeles office refused to accept Plaintiff's transfer to their office because Plaintiff had received poor performance reviews from his supervisors in Madrid.

The DEA then tried to transfer Plaintiff to the San Diego office. However, when management personnel in the San Diego office learned of their counterparts' decision in the Los Angeles office, they also refused to accept Plaintiff's transfer to their office. The DEA then tried to transfer Plaintiff to the DEA's San Francisco, California field office (San Francisco office), but, once again, Plaintiff's transfer was refused when the management personnel in the San Francisco office learned of their

counterparts' decision in the Los Angeles office. Finally, Plaintiff was transferred to DEA Headquarters in Arlington, Virginia.

As an Intelligence Research Specialist at DEA Headquarters, Plaintiff has the same position and job title that he had in the Madrid office. Both before and after his transfer from the Madrid office to DEA Headquarters, Plaintiff was compensated under the General Schedule at GS-13, step 4. Plaintiff's work responsibilities in the Madrid office primarily consisted of conducting investigations, preparing reports, analyzing intelligence information, and coordinating efforts between DEA and local authorities. Plaintiff's work responsibilities at DEA Headquarters primarily consist of preparing reports, analyzing intelligence information, and giving briefings. If Plaintiff had been transferred to the Los Angeles office, the locality pay (additional compensation that equalizes differences in regional purchasing power) would be $4,000 a year more than it is at DEA Headquarters.

Courts must grant summary judgment if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, courts view the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party then has the burden of showing that a genuine dispute as to any material fact does exist. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 248. "Rule 56(e) requires the non-moving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

As there are no genuine disputes as to material facts, Plaintiff has the burden of establishing each element of his claim. The elements of an employment discrimination claim under the ADEA are that (1) the employee and employer are covered by the ADEA, (2) the employee has suffered an adverse employment action, and (3) the employee's age was the determining factor in the adverse employment action. Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir. 1992). While the first element of Plaintiff's claim is clearly satisfied, Plaintiff has failed to establish the second and third elements of his claim.

An adverse employment action is a discriminatory act that adversely affects the "terms, conditions, or benefits" of Plaintiff's employment. Von Gunten v. Maryland, 243 F.3d 858, 865 (4th Cir. 2001). Plaintiff's transfer from one DEA office to another; absent some meaningful change in his compensation, job title, level of responsibility, or opportunity for promotion; is not an adverse employment action. Peary v. Goss, 365 F. Supp. 713, 722 (E.D. Va. 2005). Plaintiff, however, has presented no evidence that his transfer to DEA Headquarters caused such changes in his employment. His compensation, job title, level of responsibility, and opportunity for promotion have not been adversely changed by the transfer. Therefore, Plaintiff has not suffered an adverse employment action.

While the locality pay at DEA Headquarters is less than that at the Los Angeles office, this does not constitute a change in compensation. Locality pay is merely an economic tool used by the government to equalize purchasing power among its employees, wherever they may be employed. To hold otherwise would transform every transfer of a government employee to a region with a lower locality pay into an adverse employment action. Likewise, the fact that Plaintiff's specific job responsibilities at DEA Headquarters vary from those he performed at the Madrid office does not constitute a change in Plaintiff's level of responsibility. Instead of working as a ground level intelligence

gatherer, as he did in the Madrid office, Plaintiff now works as a centralized Intelligence Research Specialist, digesting and analyzing DEA intelligence for the purpose of briefing other DEA employees. Plaintiff's level of responsibility has not decreased, but rather appears to have increased.

However, even if Plaintiff did suffer an adverse employment action, he has failed to show that his age was the dominant factor in the DEA's decision to transfer him to DEA Headquarters. See Tuck, 973 F.2d at 374. The unrebutted evidence in this case shows that the Los Angeles office rejected Plaintiff because of poor performance reviews by Plaintiff's supervisors in the Madrid office. The San Diego and San Francisco offices then refused to accept Plaintiff when they learned that the Los Angeles office, the office where Plaintiff worked before going to the Madrid office, would not accept his transfer. Furthermore, during the period in which Plaintiff sought transfer to either the Los Angeles, San Diego, or San Francisco offices; nine of the nineteen new hires/transferees in those offices were over the age of forty. Therefore, there is no evidence that age was the dominant factor in the DEA's decision to transfer Plaintiff to DEA Headquarters.

An appropriate Order shall issue.

```
                                        /s/
                              _____
                              CLAUDE M. HILTON
                              UNITED STATES DISTRICT JUDGE
```

Alexandria, Virginia
March 28, 2006